## No. 9791.

### WILSON & BELANGER vs. W. R. HANNA & BRO.—W. H. BROWN, INTERVENOR.

Where the issue in a case is one of fact, such as fraud or simulation, and the testimony is conflicting, it is a safe rule not to disturb the judgment of the lower court, unless after careful research and patient weighing of the jarring testimony, there is a thorough conviction that the judgment is wrong.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*P. E. Théard & Sons* for Plaintiffs and Appellants.

*W. S. Benedict* and *A. J. Murphy* for Intervenor and Appellee.

*J. A. Seghers*, Curator *ad hoc.*

The opinion of the Court was delivered by

TODD, J. The parties to this litigation are all residents of Nicaragua.

The plaintiffs, merchants of Bluefields, sue the defendants on balance of an account for $3,523.35, before the Civil District Court of New Orleans, and caused to be attached fifty-five bales of rubber as the property of the defendants, which had been shipped to this port and consigned to Messrs. Schmidt & Ziegler, of this city. An order was procured by plaintiffs contradictorily with the curator *ad hoc* appointed to represent the defendants, for the sale of the property attached, during the pendency of the suit, and it was sold for $2,334.

On the day before the sale, W. H. Brown intervened in the suit,

claiming to be the owner of the property by virtue of a purchase of the same from the defendants.

The plaintiffs, in answer to the intervention, alleged that the sale of the property to the intervenor was a fraudulent simulation.

There was judgment in favor of the intervenor and the plaintiffs appealed.

The sole controversy is between the plaintiffs and the intervenor, touching the ownership of the property seized—there being no contention about the debt.

As usual in litigations of this character, we find the evidence in the record, which is extensive, painfully conflicting, rendering the issue in the case difficult of determination.

Were we to be guided by the evidence on behalf of the plaintiffs alone, we would readily reach the conclusion that the sale in question was a pure simulation, as by that evidence it is made to appear that the intervenor went to Nicaragua entirely without means, and was for some time employed by the defendants as clerk at a moderate salary, and that such was his apparent condition at the date of the alleged transfer of the rubber.

On the other hand, it is shown that soon after quitting the employment of the defendants as clerk, the intervenor purchased at a nominal price the lease for a long term of years of a large tract of land, and established thereon a banana plantation, estimated to be worth at the time of the trial in the lower court, about $8,000. That he was assisted in the improvement of this plantation and his business generally by a merchant doing business at Bluefields, a town in the Mosquito Reservation in said State. The price purporting to be paid for the rubber by the intervenor was $800 in cash and $208.34 in merchandize. This price the intervenor swears that he paid, and another witness swears that he was present when the payment was made and counted the money himself, and also that he negotiated for the intervenor a loan or advance from the merchant above mentioned of the funds or means to make the payment.

The testimony of these witnesses is corroborated by that of the merchant referred to —named Ebensberger—who stated that he had made advances of money and merchandize to the intervenor exceeding $3000, and spoke of him (the intervenor) as meriting the credit he had given him and confidence bestowed from the reputation he had established for industry and probity and exceptional morality.

In cases of this kind, where the mind is liable to be embarrassed with doubt, under the effect of conflicting testimony, we think it the

wiser and safer rule not to disturb the judgment of the lower court, unless after a careful study of the evidence and a patient weighing of the jarring testimony we are thoroughly convinced that the conclusion reached by the judge of the first instance is wrong. In the instant case we have reached no such conclusion.

Judgment affirmed.